Ovider Realty Company, a Corporation v. Commissioner.
Ovider Realty Co. v. Commissioner
Docket No. 25795.
United States Tax Court
1951 Tax Ct. Memo LEXIS 236; 10 T.C.M. (CCH) 433; T.C.M. (RIA) 51131; May 10, 1951
*236 Held, where the facts fail to trace the insurance funds into the replacing property, taxpayer fails to establish his case under section 112 (f), I.R.C.
M. J. Levin, Esq., 606 W. Wisconsin Avenue, Milwaukee 3, Wis., for the petitioner. Lyman G. Friedman, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined a deficiency in petitioner's income tax for the year ended May 31, 1947, in the amount of $3,964.02 consequent on his holding that gain was realized by petitioner on the involuntary conversion of a building destroyed by fire. The facts were all stipulated and are as follows: Petitioner is a corporation organized and existing under the laws of the State of West Virginia. Petitioner keeps its books and files its Federal income tax returns on the basis of the fiscal year ended May 31st. Petitioner files its United States corporation income tax returns with the collector of internal revenue for the district of West Virginia. Petitioner, since 1940, has owned a parcel of real estate, with a building thereon, commonly known as 400-406 Federal Street, Bluefield, West Virginia. On February 5, 1946, the *237 building was completely destroyed by fire, excepting certain walls valued at $2,000. At the time of the fire the building was insured in the total amount of $75,200. At the time of the fire there was held by The Life Insurance Company of Virginia a mortgage lien with an unpaid balance of approximately $53,000 against such building, under a deed of trust. On or prior to August 1, 1946, fire insurance proceeds checks in the amount of $73,200 for the fire loss were received, jointly payable to petitioner and The Life Insurance Company of Virginia. Such checks were subsequently endorsed by petitioner and handed over to The Life Insurance Company of Virginia under the abovementioned deed of trust, to be held in suspense account pending restoration of the building which was destroyed. At the time of the fire the following represented petitioner's cost, depreciation and adjusted cost of the building: Cost of Building
$65,000
Depreciation
11,050
Adjusted Cost
$53,950
In May of 1946 petitioner commenced negotiations with an architect for the construction of a new building similar to and on the site of the one destroyed by fire, for which plans and specifications *238 were prepared. Contracts for such construction were entered into and actual construction and restoration started in October, 1946, or prior thereto. During construction, on November 18, 1946, a building cost breakdown was prepared by the architect showing the estimated cost to restore or replace the building at a cost of $133,992, being $60,792 in excess of the fire insurance proceeds received. On March 14, 1947, and while construction of building was proceeding in the usual and customary manner, the Life Insurance Company of Virginia caused to be issued to petitioner a commitment letter or agreement for a mortgage loan, under which The Life Insurance Company of Virginia agreed to provide a sum not in excess of $100,000 toward construction and restoration of the building. The terms and conditions of the commitment of The Life Insurance Company of Virginia being unsatisfactory to petitioner, petitioner made arrangements to procure additional funds to cover restoration of the building from other sources. On April 15, 1947, the mortgage lien of The Life Insurance Company of Virginia in the amount of $45,622.04 was satisfied and discharged from fire insurance proceeds, and petitioner *239 obtained funds from other sources to complete the new building. In March, 1948, the new building was fully erected, constructed and completed at a total construction cost of $140,537.25. The $73,200 insurance proceeds exceeded petitioner's depreciated cost basis (less salvage value) by $21,250. It is petitioner's contention that the gain is non-taxable. It is respondent's contention that the gain is taxable as a capital gain. The statute (section 112 (f)) and authorizing regulations promulgated pursuant to law set forth in detail what a taxpayer faced with a tax on proceeds of an involuntary conversion may and may not do to minimize or avoid the tax. One specific requirement is that the taxpayer must trace the funds received into the replacing property. (Regulations 111, sec. 29.112 (f)-1). The facts on which our decision must rest, appearing above, were all incorporated in the written stipulation of facts. In our judgment, the facts not only fail to meet this requirement but, e contra, they establish that "the mortgage lien of The Life Insurance Company of Virginia in the amount of $45,622.04 was satisfied and discharged from fire insurance proceeds, and petitioner obtained *240 funds from other sources to complete the new building." Absent a satisfactory explanation, not here appearing, this would seem to be an end of the matter. Frischkorn Development Co., 30 B.T.A. 8, affirmed 88 Fed. (2d) 1009. Petitioner is wholly unconvincing in his attempt to meet this basic defect. We are unimpressed by petitioner's argument based on a provision of the trust agreement entered into in 1936 designating a depository for the insurance proceeds in the event of loss by tornado or fire. By no stretch of the imagination can it be related to the action required by the statute and regulations pertinent here. Nor can we, however sympathetic, overlook the absence of a basic requirement, a since qua non of relief, and hold for the taxpayer under the guise of "liberal construction." The rule of liberal construction of the pertinent statute cannot be utilized to afford relief in the absence of facts necessary to establish compliance with requisite procedures. Similar reception must be accorded taxpayer's other suggestion, that the treatment of the funds here established a "replacement fund" within the statute and regulations. The statute is specific in *241 its requirements and this petitioner does not comply therewith. We hold that petitioner is not entitled to the relief prayed for. Decision will be entered for the respondent.